[602 NYS2d 198]

In the Matter of ROBERT CLARK (Admitted as ROBERT DONALD CLARK), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 4, 1993

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Martin K. Kahn,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the Special Referee sustained three charges of professional misconduct against the respondent. The petitioner moved to confirm the report of the Special Referee. The respondent cross-moved (1) to disaffirm the report and all findings and conclusions as against the weight of the credible evidence, and (2) to adopt and confirm the proposed findings of fact and conclusion of the respondent.

Charge One alleged that the respondent engaged in conduct which adversely reflects upon his fitness to practice law in connection with his representation of Gunnlaug Kristjanssen in a personal injury matter captioned *Kristjanssen v City of New York.* On May 16, 1991, the respondent appeared at the Brooklyn office of the Law Department of the City of New York to attend an examination before trial. At the conclusion of the examination before trial, the respondent assaulted Assistant Corporation Counsel Susan Ricciardi in a hallway by striking her head and upper torso with his hands several times, causing her to fall to the floor. As a result of the respondent's assault, Ms. Ricciardi suffered physical harm.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation by making a false statement in his answer to the July 19, 1991 complaint of professional misconduct filed by Laurence A. Levy, a Senior Litigator of the Law Department of the City of New York, on behalf of Ms. Ricciardi. In his answer, dated August 22, 1991, the respondent made the following statement: "Despite her allegations, I did not assault her". In fact, the respondent did assault Ms. Ricciardi on May 16, 1991, and his statement to the contrary was false.

Charge Three alleged that the respondent knowingly gave false testimony on October 2, 1991, at an investigative session at the petitioner's office and in relation to the aforesaid complaint. The respondent testified that on May 16, 1991, his hands never touched Ms. Ricciardi's face or head. Rather, he merely placed his hands on her arms to "firmly but gently move her to the left". In fact, the respondent did assault Ms. Ricciardi on May 16, 1991, and his testimony was false.

After reviewing all of the evidence adduced, we conclude that the Special Referee made a proper assessment of credibility in sustaining the three charges of professional misconduct. Accordingly, the petitioner's motion to confirm the Special

Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's previous unblemished record and the absence of any serious physical injury. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Robert Clark, is hereby censured for his misconduct.